HENRY W. HARRIS v. JOSEPH W. TERRY.

*Slander—Infamous Crime—Evidence—Laws of other Governments.*

1. It is an infamous offence for a Post Master to unlawfully detain, suppress or break open mail matter addressed to another, and an action for slander will lie for the false uttering of such a charge.

2. It is not necessary in such action to allege or prove that the acts charged are criminal under the laws of the United States. The Courts of North Carolina take judicial notice of the acts of Congress. It is otherwise with respect to the statutes of the several States of the Union.

3. Where a witness is examined in chief in respect to an affidavit made by him, it is competent, on cross-examination, to ask him if he did not swear that the facts therein stated were true, without producing the affidavit.

(*Mckee* v. *Wilson,* 87 N. C., 300; *Shipp* v. *McCraw,* 3 Murph., 463; *Wall* v. *Hoskins,* 5 Ired., 177; and *Sparrow* v. *Maynard,* 8 Jones, 195; cited and approved).

This is a CIVIL ACTION which was tried before *Shepherd, Judge* at August Term, 1887, of ORANGE Superior Court.

The plaintiff alleged in his complaint, that he was Post Master of Caldwell Institute Post Office, in the county of Orange in this State, in 1886; that while he was such Post Master the defendant, wickedly intending to slander him, subject him to the payment of sundry heavy penalties, and bring about his unjust removal from his office, &c., &c., "maliciously did speak of and concerning the plaintiff, the false and defamatory words following, that is to say: that on the 11th day of August, 1883, in the presence and hearing of one George W. Glenn, the said defendant did say that the plaintiff had detained, broken open and destroyed, the mail matter of him the said defendant which came to said post office, then kept in charge of the plaintiff; and that at another day and time in said county, and in the presence and hearing of John R. Wilson and Adolphus Breeze, the defendant said that the plaintiff, then being post master as aforesaid and in charge of said post office, had detained and broken open mail matter of him the said defendant that had come to said office, by reason of which speaking and defamatory words aforesaid, the plaintiff, besides being exposed to prosecution under the criminal laws of the United States, and subjected to severe and infamous punishment, was injured in his reputation to his damage," &c.

The defendant in his answer denied the above allegation, but alleged other culpatory matter not necessary to be stated here.

After the close of the testimony, and after one of the counsel had addressed the jury, the defendant moved that the action be dismissed, because the complaint did not set forth facts sufficient to constitute a cause of action, in that it did not charge the speaking of actionable words.

The Court declined the motion, and defendant excepted.

A witness was examined on the trial by the defendant in respect to an affidavit.

" Upon the cross-examination, the plaintiff asked witness if he did not sign the affidavit, and if he did not swear that the facts set forth therein were true. The defendant objected because the affidavit was the best evidence. The Court admitted it, in view of the question asked in the examination in chief. Defendant excepted."

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Mr. John W. Graham,* for the plaintiff.
*Mr. E. C. Smith,* for the defendant.

MERRIMON, J., (after stating the case). The words which the complaint alleges the defendant spoke of the plaintiff as post master while he held that office, unquestionably imputed to him dishonest and corrupt acts done in his office, which, in their nature, imply moral turpitude and work social degradation. They charge acts to have been done by the plaintiff, which if done, constitute a gross breach of official faith and duty, and a degrading and infamous offence under the laws of the United States, punishable by fine and imprisonment at hard labor, and which renders the offender, if he be a post master, forever incapable after conviction of holding that office. Such imprisonment is infamous under the laws of the United States, and the disqualification to hold office is certainly a punishment that implies disgrace and infamy. It fixes upon the convicted party a stigma of disgrace and reproach in the eyes of honest and honorable men, that continues for life. It is difficult to conceive of a punishment more galling and degrading in this country, than disqualification to hold office, whether one be an office seeker or not.

Here, generally, all honest men are eligible to office, and to share in the honors and emoluments incidental to it. How

great the standing disgrace that one cannot, because of crime that imports corruption in office! *United States* v. *Waddell,* 112 U. S., 82; *Ex-parte Wilson,* 114 U. S., 171; *Mackin* v. *United States,* 117 U. S., 348; *Ex-parte Brown,* 121 U. S.; 1 Rev. Stats. U. S.; §§ 3890, 3891, 3892; *McKee* v. *Wilson,* 87 N. C., 300.

That the act done is a crime under the laws of the United States, need not be alleged in the complaint, because these laws prevail throughout this State, and the Courts take judicial notice of them. It would be otherwise, however, if the charge imputed a statutory offence under the laws of a State of the Union other than this State. The Courts do not take such notice of the laws of other States, and hence, in such case, it would be necessary to allege and prove that by the laws of the State named, the acts charged to have been done constituted a crime infamous in its nature and in the nature of the punishment attached to it. *Shipp* v. *McCrow,* 3 Murph., 463; *Wall* v. *Hoskins,* 5 Ired., 177; *Sparrow* v. *Maynard,* 8 Jones, 195.

The exception as to the admission of evidence objected to is without merit. The plaintiff did not ask the witness what the affidavit contained, nor was it the purpose of the question propounded to him to give evidence of its contents. He was simply asked if he swore that which it contained was true.

There is no error, and the judgment must be affirmed.

No error. Judgment affirmed.