## UNITED STATES, APPELLANT, *v.* N. B. RINGELING ET AL., RESPONDENTS.

CRIMINAL LAW — *Mines and minerals* — *Section* 5508, *United States Revised Statutes, construed.* — At a term of the District Court of Deer Lodge County, sitting to determine United States causes, the defendants were indicted for a violation of the provisions of section 5508, United States Revised Statutes. The averments of the indictment were, in substance, that three certain persons had located, in their own names, but for the benefit of themselves and Samuel Tolman and Lewis Demars, a certain mining claim, and that while Tolman and Demars as owners were in the possession and occupation of the said claim, the defendants entered their cabin in disguise with the intent to hinder and prevent the said occupants from exercising the rights and privileges connected with said claim, which they had acquired from the United States by virtue of the location aforesaid. The District Court excluded all the evidence offered by the prosecution on the trial, on the ground that the indictment charged no offense, and rendered a judgment discharging the defendants. *Held,* that the indictment would have been sufficient had it alleged that Tolman and Demars were locators of the mining claim; but as they were not, and could only rely upon the laws of the Territory to support their title, section 5508, United States Revised Statutes, did not apply.

*Appeal from the Second Judicial District, Deer Lodge County.*

### STATEMENT.

It appeared from the indictment that the defendants, with other unknown persons in disguises, entered the cabin of Samuel Tolman and Lewis Demars, and after beating them, drove them away with threats from their premises, in order to prevent their working a certain mining claim known as the "Charles Clark, No. 2," situated in the Flint Creek Mining District, Deer Lodge County, which had been located partly for their benefit, although the said Tolman and Demars were not mentioned in the notice of location thereof as locators.

The following persons were named as defendants in the indictment: Nicholas B. Ringeling, James Patten, Michael Shovelin, Joseph Mackey, William Burke, Al. Porter, James Valley, Hugh O'Donnell, Murt. Sullivan, Charles Porter, James Gallagher, and John Mullen.

*Robert B. Smith,* United States District Attorney, for Appellant.

The indictment was drawn under section 5508 of the United State Revised Statutes. The main question involved is whether the persons alleged in the indictment to have been assaulted were interfered with by the respondents in the exercise of rights, which were guaranteed to them by the Constitution or laws of the United States. The locator of a mining claim, or the settler upon public agricultural land, is protected by the laws of the United States in his occupancy, so long as his title is merely possessory. (*United States* v. *Waddell,* 16 Fed. Rep. 221; affirmed, 112 U. S. 76.) The indictment in this case was drawn exactly in accord with the indictment against Waddell in the case just cited, so that I conceive the only objection in this case is the fact that the parties assaulted, viz., Lewis Demars and Samuel Tolman, were not locators, or in other words, their names did not appear in the location notice. Now the fact that they were part owners in the mine and were peaceably in possession gave them rights which should be protected, and which are protected, just as much as if they had been the sole locators of the mine. That there may be silent copartners in a mining location or enterprise, I take it, there cannot be much doubt, and if the partnership is shown to exist at the time the location is made, then each party will be permitted to recover his share in the mine if it should be denied to him by his copartner. (*Johnstone* v. *Robinson,* 16 Fed. Rep. 903; *Murley* v. *Ennis,* 2 Colo. 300; *Lawrence* v. *Robinson,* 4 Colo. 567; *Boucher* v. *Mulverhill,* 1 Mont. 306.)

*Robinson & Stapleton,* and *Knowles & Forbis,* for Respondents.

The respondents insist that the indictment in this case does not state facts sufficient to constitute an offense: *First.* Because, even admitting that Tolman and Demars were owners in the

property described in the indictment, yet the possession of the property is not a right guaranteed by the laws of the United States, but is a right given and protected by the Territory. The indictment does not state that at the time of the alleged offense they were representing the property, or doing any acts necessary to be done for procuring a patent therefor. (*United States* v. *Waddell*, 16 Fed. Rep. 221; 112 U. S. 76.) *Second.* The indictment shows, affirmatively, that neither Tolman nor Demars was a locator of the claim described in the indictment. Any interest which they may have had was equitable, and could only be enforced under the laws of the Territory, and they had no claim whatever under any law of the United States. When the claim was located, as alleged in the indictment, the United States parted with all title to the property to the locators; and the locators are only such persons as are designated in the notice of location. (*Belk* v. *Meagher*, 104 U. S. 283–285; U. S. Rev. Stats. § 2324.)

McCONNELL, C. J.—The respondent, Ringeling, and eleven others were indicted in the District Court of Deer Lodge County, sitting to hear and determine causes arising under the Constitution and laws of the United States, under section 5508 of the Revised Statutes of the United States, which is as follows, to wit: "If two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the laws of the United States, or because of his having so exercised the same, or if two or more persons go in disguise on the highway, or on the premises of another, with the intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured, they shall be fined not more than five thousand dollars, and imprisoned not more than ten years," etc.

To this indictment a demurrer was interposed, upon the ground that it did not charge an offense under said section. This demurrer was overruled by Mr. Justice Galbraith. The defendants pleaded not guilty, and afterwards, when MR. JUSTICE DE WOLFE was on the bench, the case came on for a hearing before a jury, when the defendants objected to the introduction of any evidence, upon the ground that the indictment did not

charge any offense. JUDGE DE WOLFE being of the opinion that this objection was well taken, and that the demurrer should have been sustained in the first instance, sustained the objection, and directed the jury to return a verdict of not guilty, which was done, and the defendants were discharged.

The district attorney for the United States excepted to this proceeding, and appealed upon a question of law reserved under subsection 3 of section 396 of the Criminal Practice Act. The question to be decided is as to the sufficiency of the indictment under the aforesaid section of the Revised Statutes of the United States. That portion of the indictment necessary to the elucidation of the question before us is as follows, to wit: "The grand jury . . . . upon their oaths do find and present that Samuel Tolman, Lewis Demars, Nicholas H. Conolly, Edward S. Richards, and Charles N. Tolman did duly locate on the public domain of the United States, under the law of the United States, the laws of Montana Territory, and Flint Creek Mining District, in Deer Lodge County, aforesaid, that certain quartz lode mining claim, situated in said mining district and county, known as and called the Charles Clark, No. 2, Quartz Lode Mining Claim, and did duly file for record, and record said location and declaratory statement thereof, and did mark the boundaries of said mining claim as by law provided; that said Samuel Tolman, Lewis Demars, Nicholas H. Conolly, Edward S. Richards, and Charles N. Tolman, on said ninth day of July, A. D. 1887, were, and each was, and is now, a citizen of the United States of America; that the notice of said location and said declaratory statement were in the names of the said Nicholas H. Conolly, Edward S. Richards, and Charles N. Tolman, and that the said location was made for the use and benefit of the said Nicholas H. Conolly, Edward S. Richards, Charles N. Tolman, Samuel Tolman, and Lewis Demars, and all of said last-named persons were and are the owners of the said mining claim; that on the twenty-second day of July, A. D. 1887, the said Samuel Tolman and Lewis Demars, citizens of the United States as aforesaid, were the owners, as aforesaid, of the said mining claim, and were entitled to occupy, use, and work the same under the laws of the United States; . . . . that defendants [naming them all] did, on the twenty-second

day of July, 1887, unlawfully go in disguise on the premises of the said Samuel Tolman and the said Lewis Demars, to wit, a cabin occupied by the said Samuel Tolman and the said Lewis Demars, situated about two miles in a southeasterly direction from the town of Philipsburg, in the said county of Deer Lodge, with intent to prevent and hinder said Samuel Tolman and the said Lewis Demars in the free exercise of certain rights and privileges secured to them by the Constitution and laws of the United States, to wit, the right and privilege, as aforesaid, to make said mining location on the public domain of the United States, and to occupy, use, and work the same, said rights and privileges being duly conferred upon the said Samuel Tolman and Lewis Demars, citizens of the United States as aforesaid, by the Constitution and laws of the United States, by the laws of Montana Territory, and by the laws and customs of the said Flint Creek Mining District, and by the individual acts of the said Samuel Tolman and said Lewis Demars, and their co-owners hereinbefore mentioned, in compliance therewith and in pursuance thereof."

It will be observed that the indictment is predicated upon that part of section 5508 which is as follows, to wit: "If two or more persons go in disguise . . . . on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured ;" that is, by the Constitution and laws of the United States. The object of Congress in this statute was obviously to protect its citizens in the enjoyment of all their rights under the Constitution and laws of the United States, and it can have no application to any rights arising alone under the local laws of the Territory. In the case of the *United States* v. *Waddell*, 112 U. S. 76, the Supreme Court held that this statute was applicable to a settler upon the public domain under the homestead law; that while the settler was living upon his homestead, cultivating and improving it preparatory to obtaining a patent for it, he was entitled to the protection of this statute. It further holds that the "right or privilege" which it is the purpose of the conspirators to "injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of," must be one arising under the Constitution and laws of the United States. Mr. Justice Miller, speaking

for the court, uses the following language, to wit: "The protection of this section extends to no other right, to no right or privilege dependent on a law or laws of the State. Its object is to guarantee safety and protection to persons in the exercise of rights dependent upon the laws of the United States, including, of course, the Constitution and treaties as well as statutes, and it does not, in this section at least, design to protect any other rights."

There can be no doubt of the application of this statute to the case of the occupant of a mineral claim upon the public domain, provided such occupancy be under the laws of the United States.

Let us now examine the indictment to see if its averments are sufficient under section 5508, *supra.* It charges that Tolman and Demars, with three others named, located on the public domain a certain quartz lode mining claim, and filed for record said location, and a declaratory statement thereof, and marked the boundaries of said claim as required by law; that all the parties to this proceeding were citizens of the United States; that all five of the parties named were, and are, the owners of the said mining claim; that said Tolman and Demars were entitled to use and occupy and work the same under the laws of the United States. But it charges that the notice of said location and declaratory statement were in the names of Nicholas H. Conolly, Edward S. Richards, and Charles N. Tolman, but that the location was made for the use and benefit of said Samuel Tolman and Lewis Demars, as well as for those whose names were to the declaratory statement. All the rights, then, of the two complaining witnesses are made to depend upon the notice and declaratory statement not signed by them at all, but made and signed by the other three for the common benefit of all. All the general statements in the indictment that the complaining witnesses were the owners of the claim, and were entitled to occupy and work it under the laws of the United States, must be limited by the more specific allegations above stated. Whatever ownership and right of occupancy they had were the result of the location in the names of their three associates. Does the indictment aver enough to place them under the protection of the laws of the United States in their

attempted occupancy of the mining claim? This question must be answered in the light of those laws themselves. Section 2319, Revised Statutes of the United States, provides that "all valuable mineral deposits in lands belonging to the United States . . . . are hereby declared to be free and open to exploration and purchase, and the lands in which they are found to occupation and purchase by the citizens of the United States. . . . ." Exploration must precede discovery, and discovery and occupation must precede purchase. Section 2322 provides that "the locators of all mining locations heretofore made, or which shall hereafter be made on any mineral vein, lode, or ledge, situated on the public domain, their heirs and assigns, . . . . so long as they comply with the laws of the United States, and with State, territorial, and local regulations, not in conflict with the laws of the United States, giving them possessory title, shall have the exclusive right of possession and enjoyment of all the surface included within the lines of their location." Again, section 2324 provides, among other things, that "all records of mining claims hereafter made shall contain the name or names of the locators, the date of the location," etc. Supplementary to these provisions of the acts of Congress, section 1477 of the General Laws of the Territory provides that "any person or persons who shall hereafter discover any mining claim . . . . shall, within twenty days thereafter, make and file for record in the office of the recorder of the county in which said discovery or location is made, a declaratory statement thereof in writing, on oath," etc.

Testing the allegations of the indictment by these provisions of law—and they are all that are applicable to it—we do not think that they are sufficient to constitute the crime created by said section 5508 of the Revised Statutes.

If the indictment had alleged that the complaining witnesses were occupying the mining claim, and locating it with the purpose of filing a declaratory statement within the twenty days allowed by law, it would have been sufficient. But it alleges that the location had been made, and that the names of the complaining witnesses were not signed to the declaratory statement. The statute declares in positive terms "that all records of mining claims shall contain the name or names of the locators,"

and that the "locators of all mining locations . . . . shall have the exclusive possession and enjoyment of all the surface included within the lines of their locations." While the rights of these persons are made by the terms of the indictment to depend upon the location made by others for their benefit, the laws of the United States do not recognize such locations. The only parties that such laws recognize and protect are the parties whose names appear in the declaratory statement. The exclusive possession is given to them alone. The complaining witnesses are not heirs nor assigns of the locators; and if they had any rights there at all, they exist by virtue of the local municipal law, and not the law of the United States. They do not sustain the relation of parol purchasers from the locators according to the averments of the indictment, but a kind of trust relation arising contemporaneously with the filing of the declaratory statement by their associates, by which they seek to claim a beneficial interest in the mining location. Whatever rights under the laws of the United States the complaining witnesses may have had by virtue of their joint location with the others, they surrendered them when they voluntarily allowed their associates to make the declaratory statement in their own names exclusively. With this exclusive notice went the right of exclusive possession, and the mining claim could no longer be termed the premises of the complaining witnesses under section 5508, United States Revised Statutes.

We do not decide that they had no rights in said claim at all, but we hold they have none which are conferred by the laws of the United States. And this is a sufficient answer to the other positions taken by the counsel for appellant.

*Judgment affirmed.*

BACH, J., and LIDDELL, J., concur.