## UNITED STATES *v.* ADLER *et al.*

*(District Court, S. D. Iowa, C. D.* March 3, 1892.)

1. **PENSIONS—FRAUDULENT PRESENTATION OF CLAIM—INDICTMENT.**
    An indictment under Rev. St. § 4746, for knowingly procuring the presentation of a false affidavit concerning a claim for pension, is sufficient if it alleges the presentation of an affidavit with a signature known to be false and forged. It need not allege that the pension claim was false.

2. **SAME.**
    The indictment charged that defendants on a certain day, "at the county of Wapello, in the southern district of Iowa, did then and there present to the commissioner of pensions at Washington, in the District of Columbia," etc. At its close it charged: "And that at the time and place aforesaid, that is to say, on * * * at the county of Wapello, state of Iowa, the said * * * did then and there present and cause to be presented to the commissioner of pensions aforesaid," etc. *Held,* construing the parts of the indictment together, that it charged the presentation of the false affidavit at Wapello county, Iowa, and not at Washington, D. C.

At Law. On demurrer to indictment. Overruled.
*Lewis Miles,* Dist. Atty., for the United States.
*J. F. Lacey* and *M. J. Williams,* for defendant Adler.
Before SHIRAS and WOOLSON, District Judges.

WOOLSON, District Judge. The indictment herein charges that on the 8th day of July, A. D. 1890, defendant—
"At the county of Wapello, in the southern district of Iowa, did then and there cause to be presented and present to the commissioner of pensions at Washington, in the District of Columbia, a certain false, forged, and counterfeited affidavit, in writing, which said false, forged, and counterfeited affidavit is in writing, and is in words and figures as follows, [here follows an affidavit, being a declaration for an invalid pension (in the ordinary form) for Daniel Boone, and purporting to be signed by Daniel Boone as affiant;] that said false, forged, and counterfeit affidavit is false, in this: that is to say, that the said false, forged, and counterfeited affidavit was never signed by Daniel Boone, but that the same was in fact the same was signed by said George S. Boone, and that said George S. Boone signed the name Daniel Boone to said false and forged affidavit, which said false, forged, and counterfeited affidavit has marked thereon the receiving mark of the pension office of the United States, of date July 11, 1890; that at and long prior to the signing of the name Daniel Boone to said false and forged affidavit the said Daniel Boone, whose name was purported to be signed to said false and forged affidavit, had been deceased, and that at the time and place aforesaid, that is to say, on the 8th day of July, A. D. 1890, at the county of Wapello, state of Iowa, the

said George S. Boone. and the said S. E. Adler did then and there present and caused to be presented to the commissioner aforesaid, with the intent then and there, on the part of them, the said George S. Boone and the said S. E. Adler, then and there well knowing that the name Daniel Boone, signed to said false and forged affidavit, was forged and false; and that the name Daniel Boone had been signed thereto by the said George S. Boone, contrary to the form of the statutes," etc.

To this indictment defendant Adler demurs, under assignments which may be summarized as follows: (1) The affidavit is charged to have been presented at Washington, D. C., and without the jurisdiction of this court; (2) the acts charged constitute no crime; (3) the pension claim which the affidavit was filed to support is not charged to have been false; (4) it is not averred that the commissioner of pensions has authority to allow the claim; (5) it is not charged that defendant knew the claim to be false.

The indictment appears to have been drawn under section 4746, Rev. St. This section provides that—

"Every person who knowingly, * * * in any wise, procures the * * * presentation of any false or fraudulent affidavit concerning any claim for pension, * * * shall be punished," etc.

Counsel for defendant appear to have considered the indictment as drawn under section 5438. An examination of the two sections will readily make apparent the distinctions between them. By the terms of section 4746 the offense therein designated consists of a very few essentials, and may be summed up in the words, "knowingly procuring the presentation of a false affidavit concerning a claim for pension." The indictment sets out the affidavit which it charges to be false. It charges this affidavit to have been "in support and in declaration of a pension for one Daniel Boone." It also charges said affidavit to be false, and expressly alleges the same was false because of the false and forged signature thereto; that said Adler did "cause to be presented and present" said affidavit, said defendant Adler "then and there well knowing that the name Daniel Boone, signed to said false and forged affidavit, was forged and false;" and the time and place of the commission of the offense are also stated. Thus the ingredients essential to the offense under section 4746 are charged in the indictment, and the 2d, 4th, and 5th assignments of demurrer are not well taken. This section does not require that the pension claim must be false, concerning which the false affidavit is presented, and the 3d assignment is not well taken.

The remaining assignment contests the jurisdiction of this court, because, as claimed, the indictment charges the affidavit to have been presented to the commissioner of pensions at Washington, D. C., and therefore the court at Washington alone has jurisdiction over the crime charged. The phraseology of the indictment is peculiar on the point under consideration. Its language is, "on the 8th day of July, 1890, at the county of Wapello, in the southern district of Iowa, did then and there cause to be presented and present to the commissioner of pensions at Washington, in the District of Columbia," etc. The claim is that

the words, "at Washington, in the District of Columbia," relate to and fix the presentation as named in the indictment. The district attorney contends that these words are merely *descriptio personæ* with reference to the commissioner, and that the plain meaning and manifest construction of the place of presentation, as stated in the indictment, is, "at the county of Wapello, in the southern district of Iowa, did then and there present," etc. In construing the indictment upon this point, all its different parts relating to place of presentation should be considered. We find that towards its close the indictment contains the statement:

" And that at the time and place aforesaid, that is to say, on the 8th day of July, A. D. 1890, at the county of Wapello, state of Iowa, the said * * * S. E. Adler did then and there present and cause to be presented to the commissioner of pensions aforesaid. * * *"

Section 1025, Rev. St., provides that—

"No indictment shall be deemed insufficient by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of defendant."

In *U. S.* v. *Waddell*, 112 U. S. 76, 5 Sup. Ct. Rep. 35, Justice MILLER states the rule as to the precision with which the indictment must advise defendant of the crime charged, to be that of "reasonable precision." In *U. S.* v. *Britton*, 107 U. S. 655, 2 Sup. Ct. Rep. 512, Justice WOODS says it is sufficient if the indictment gives defendant clear notice of the charge he is called on to defend. A more extended statement on this point is found in *U. S.* v. *Fero*, 18 Fed. Rep. 905, where the court announces that—

"Certainty to a common intent is sufficient. Such certainty is attained when enough is alleged to clearly apprise the accused of the indentical crime with which he is charged, so that he may prepare to meet the accusation."

Taking the entire indictment into consideration, we think there can be no doubt in the ordinary mind that the place of presentation of the false affidavit is charged to be at Wapello county, Iowa, and that the contention of the district attorney is in harmony with the indictment, considered in all its parts. Certainly this construction cannot tend to the prejudice of the defendant, at least as to the form in which the indictment advises him of the facts which are charged as constituting the offense which he is called to meet. The evidence which may be offered on the trial as to the fact of presentation to the commissioner "at Wapello county, Iowa," may bring before the court, in another form, the question of presentation. We are now considering the indictment as admitted, by the demurrer, in all its essential and well-pleaded allegations; and, as we find the assignments of the demurrer to be not well taken, it follows that the demurrer, in its entirety, must be overruled; and it is so ordered.

SHIRAS, District Judge, concurs.