UNITED STATES *v.* ADLER *et al.*

*(District Court, S. D. Iowa, C. D.   March 5, 1892.)*

**1. CONSPIRACY—INDICTMENT.**
    An indictment under Rev. St. U. S. § 5440, must charge three things:   (1) A conspiracy; (2) either to commit some offense against the United States, or to defraud the United States; (3) the doing of some act to effect the object of the conspiracy.
**2. SAME.**
    An indictment under that section is sufficient when it charges that defendants conspired together to fraudulently obtain a pension for one of them in the name of a dead soldier, and that they knowingly caused to be made and presented to the commissioner of pensions a false affidavit in support of a claim for such pension,—an act made criminal by Rev. St. U. S. § 4746.

At Law.   Prosecution of S. E. Adler and George S. Boone for a conspiracy to commit an offense against the United States, and to defraud the United States.   On demurrer to the indictment.   Overruled.

*Lewis Miles,* Dist. Atty., for the United States.
*John F. Lacey* and *M. J. Williams,* for defendant Adler.

Before SHIRAS and WOOLSON, District Judges.

WOOLSON, District Judge.   The indictment herein appears to be drawn under section 5440, Rev. St., and is voluminous.   It charges that defendants, "at the county of Wapello, in the southern district of Iowa, on the 8th day of July, 1890, did willfully, unlawfully, corruptly, and feloniously conspire, confederate, and agree together and with each other to defraud the United States out of sums of money, the exact amount of which is to the grand jurors unknown," and that in pursuance of said conspiracy, and to effectuate and carry out the same, on said 8th day of July, 1890, and at said county of Wapello, said defendants, knowing that one Daniel Boone, at said date deceased, had in his life-time been in the volunteer service of the government, in the late civil war, and had been honorably discharged therefrom, (which said discharge said defendants then had in their possession,) said defendants made and caused to be made application to the commissioner of pensions for a pension for said George S. Boone, in the name of said Daniel Boone, and caused to be procured and presented to said commissioner, and in support of said claim for pension, a false and fraudulent affidavit, (which is exhibited with the indictment;) that the signature to said affidavit is false and forged, and was forged thereto by said George S. Boone; and that, at the time said affidavit was so presented to said commissioner, said defendants well knew said signature to be false and forged.   Defendant Adler filed a demurrer containing a large number of assignments, which for convenience may be summarized as follows:   (1) The indictment charges no crime.   No crime is charged as the object of the conspiracy.   (2) No act is charged as having been committed in furtherance of the conspiracy.

Under section 5440, three essentials must be charged:   (1) A conspiracy; (2) the design of which is either to commit some offense against the United States or to defraud the United States; and (3) the doing of some

act to effect the object of the conspiracy. And, if the indictment suffi-ciently charges these three matters, it charges a crime, under this section. The demurrer makes no attack on that portion of the indictment charging a conspiracy. Its assignments are restricted to the second and third essen-tials named above. Does the indictment charge that the design of the conspiracy was to commit any crime against the United States? Upon the argument, counsel did not disagree that a conspiracy to commit any offense which by the statute is made an offense against the United States, is punishable under section 5440, provided the overt act followed. Sec-tion 4746, Rev. St., declares:

"Every person who knowingly or willfully, in any wise, procures the mak-ing or presentation of any false or fraudulent affidavit concerning any claim for pension, shall be punished," etc.

Turning to the indictment, we find it charged:

"The said S. E. Adler and the said George S. Boone being then and there at the county of Wapello, state of Iowa, aforesaid, on said 8th day of July, A. D. 1890, did corruptly, unlawfully, and feloniously conspire and agree to-gether to make an application to the commissioner of pensions for a pension for him, the said George S. Boone, in the name of him, the said Daniel Boone, and to falsely, fraudulently, and feloniously obtain a pension for him, the said George S. Boone, in the name of him, the said Daniel Boone; and that to effectuate said corrupt, unlawful, and felonious conspiracy, and in pursuance of said conspiracy, did then and there, at the county of Wapello, in the state of Iowa, on the 8th day of July, A. D. 1890, make and cause to be made a false, forged, and fraudulent affidavit, in writing, and did then and there, at the time and place last aforesaid, cause and procure to be transmitted and presented to the commissioner of pensions, as true, the aforesaid false, forged, and counterfeit affidavit, in support of a claim for a pension for him, the said George S. Boone, under act of congress of June 27, A. D. 1890; * * * and that, at the time and place said defendants presented said false affidavit to the commissioner of pensions, said S. E. Adler and said George S. Boone well knew that the signature to said affidavit was false and forged."

Here are distinctly charged all the elements essential to the offense for whose punishment section 4746 provides, as above stated, viz.: (1) Knowingly (2) procuring the presentation of a false affidavit (3) concern-ing a claim for pension; and thus the indictment charges the second es-sential under section 5440.

The remaining essential relates to the "act done to effect the object of the conspiracy." The conspiracy, as charged, was "to defraud the United States out of money" by the acts which the indictment alleges; that is, this conspiracy ("to defraud the United States out of sums of money") was to be accomplished, as the same is charged, as follows: "To make an application to the commissioner of pensions for a pension for him, the said George S. Boone, in the name of him, the said Daniel Boone, and to falsely, fraudulently, corruptly, and feloniously obtain a pension for him, the said George S. Boone, in the name of him, the said Daniel Boone,"—the indictment having previously charged that said Daniel Boone was dead, and that said defendants had obtained possession of his honorable discharge. Thus the particular act done to effect the object of the conspiracy may be said to be that the defendants

knowingly presented a false affidavit in support of the claim for a pension. This affidavit, which is expressly charged to be false and fraudulent, and whose false and fraudulent character was at the time well known to the defendants, was by defendants presented at Wapello county, Iowa, on July 8, 1890, to the commissioner of pensions, in support of the pension claim of George S. Boone; and the money to be paid upon said pension by the government was the money of which the defendants conspired to defraud the United States. Or, stating the indictment in another form, defendants (1) conspired (2) to defraud the United States out of money through a fraudulent claim for pension, by them to be made to the commissioner of pensions for his allowance, and (3) knowingly presented to said commissioner a false affidavit in support of and concerning said pension claim.

Under the statutes and authorities with reference to the clearness and detail with which an indictment must charge the offense, (section 1025, Rev. St.; U. S. v. Waddell, 112 U. S. 76, 5 Sup. Ct. Rep. 35; U. S. v. Britton, 107 U. S. 655, 2 Sup. Ct. Rep. 512,) we find this indictment sufficient. If any complaint could be justly urged, such complaint would rather be that the indictment is so unnecessarily diffuse and minute as that its clearness of statement is thereby impaired. As the indictment charges a statutory offense, and as it also "clearly apprises defendants of the identical crime with which they are charged, so that they may prepare to meet the accusation," (U. S. v. Fero, 18 Fed. Rep. 905,) the demurrer must be overruled; and it is so ordered.

SHIRAS, District Judge, concurs.