## FELIX et al. v. UNITED STATES.†

### (Circuit Court of Appeals, Fifth Circuit. March 21, 1911.)

### No. 2,086.

1. UNITED STATES (§ 11*)—VOTERS—QUALIFICATION—REPRESENTATION IN CONGRESS.

Const. art. 1, § 1, vests all legislative power granted in a Congress to be composed of a Senate and House of Representatives, and section 2 declares that the House of Representatives shall be composed of members chosen every second year by the people of the several states, and that the electors in each state shall have the qualifications requisite for electors of the most numerous branch of the state Legislature. *Held* that, though the states may prescribe the qualifications of voters for the most numerous branch of their own Legislatures, they do not in prescribing such qualifications directly prescribe the qualifications of voters for representation in Congress, though under such constitutional provision the qualifications are the same in each case; the right to vote for a member of Congress being fundamentally based on the federal Constitution creating the office and prescribing the qualifications of voters therefor.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 7; Dec. Dig. § 11.*]

2. CONSPIRACY (§ 29*)—"PRIVILEGE" OF CITIZENS—"RIGHT."

The right or privilege to vote at an election for a member of the House of Representatives of the United States is a right or privilege secured by the Constitution of the United States, and such right is therefore within the meaning of section 5508 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3712).

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 42–52; Dec. Dig. § 29.*

For other definitions, see Words and Phrases, vol. 6, pp. 5583–5589; vol. 8, p. 7764; vol. 7, p. 6220–6224; vol. 8, p. 7790.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied April 13. 1911.

3. CONSPIRACY (§ 29*)—TO OPPRESS OR INTIMIDATE—STATUTES—APPLICATION.
     Rev. St. § 5508 (U. S. Comp. St. 1901, p. 3712), provides that if two or
     more persons conspire to oppress, threaten, or intimidate "any citizen"
     in the free exercise or enjoyment of any right or privilege secured by the
     Constitution or laws of the United States, or because of his having so
     exercised the same, they shall be fined, etc. *Held*, that such section was
     not intended for the sole protection of the civil rights of citizens of Afri-
     can descent, depending entirely on the federal Constitution and laws
     passed in accordance therewith, but protected all citizens in the civil
     rights guarantied and secured to them by the Constitution and laws of
     the United States.
     [Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 42–52; Dec.
     Dig. § 29.*]

In Error to the Circuit Court of the United States for the Eastern
District of Louisiana.

Paul Felix and others were convicted of conspiracy to injure and
oppress or threaten certain citizens of the United States in the exercise
of a privilege secured to them by the Constitution and laws of the
United States, and they bring error. Affirmed.

The indictment against the plaintiffs in error and seven others was found
and filed February 13, 1909. It contained two counts, and, omitting formal
parts, was as follows:

"The grand jurors of the United States, impaneled, sworn, and charged at
the term aforesaid, on their oath present that Paul Felix, * * * W. W.
Stiles, * * * all of the parish of Jefferson, in said state, in the said
division of said district and within the jurisdiction of said court, being per-
sons of evil minds and dispositions, together with divers other evil disposed
persons whose names are to the grand jury aforesaid as yet unknown, on
the 3d day of November, in the year of our Lord one thousand nine hundred
and eight, at the parish of Jefferson, in the state of Louisiana, in the said
division and district, and within the jurisdiction of said court, at which time,
to wit, the 3d day of November, 1908, a general election for presidential elec-
tors and members of the House of Representatives of the United States, to-
gether with certain state, parochial, and municipal officers within the state
of Louisiana was being held under and in accordance with the Constitution
of the United States, the laws of the Congress of the United States, and the
laws of the state of Louisiana, and a poll was then and there opened, and
an election was then and there legally had and held in each voting precinct
in said state, in each of which said voting precincts persons were then and
there lawfully voted for by the legal voters therein for said United States
presidential electors, members of the United States House of Representatives,
and state, parochial, and municipal officers, and that a certain precinct, to
wit, the precinct known as the city of Kenner, Edward Stoulig, Raoul De
Gruy, Henry Roth, Philip Klees, Frederick Schneckenberger, Anthony Mag-
giore, Michael Christina, John Maggiore, A. Wattingly, Chris. Louchbaum,
and divers other persons to the grand jurors aforesaid unknown, were then
and there, as defendants well knew, male citizens of the United States, resi-
dents of the said voting precinct, twenty-one years of age, and had been citi-
zens and residents of said precinct for more than six months and of said
parish in which said precinct is located for more than one year, and of the
said state for more than two years, next preceding said election, and were
then and there, as defendants well knew, under the Constitution and laws of
the United States and the laws of the state of Louisiana, having complied
with all the laws of the United States and of the state of Louisiana, to quali-
fy them as electors of the state of Louisiana, and legally entitled to vote for
persons for presidential electors, members of the House of Representatives
of the United States, and state, parochial, and municipal officers; that said
voters at the time and place aforesaid presented themselves with the intention
and for the purpose of voting; that the defendants knowing all of the afore-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

said facts did then and there unlawfully, knowingly, and feloniously conspire, confederate, combine, and agree together and each of them with the other, and they and each of them with divers other parties to the grand jurors aforesaid unknown, armed with pistols, guns, and other mortal weapons to injure, oppress, threaten, and intimidate said voters in the free exercise and enjoyment of a right and privilege which they then and there had and which was then and there secured to them by the Constitution and laws of the United States of then and there voting for persons to fill offices of presidential electors, members of the House of Representatives of the United States, parochial, and municipal offices of the state of Louisiana, and that, in pursuance of said conspiracy and to effect the purpose and object thereof, the defendants then and there unlawfully, willfully, corruptly, and maliciously injured and prevented the said voters from voting on said voting day, the same being a right or privilege granted and secured to the said Edward Stoulig, Raoul De Gruy, Henry Roth, Philip Klees, Frederick Schneckenberger, Anthony Maggiore, Michael Christina, John Maggiore, A. Wattingly. Chris. Louchbaum, in common with all other good citizens of the United States by the Constitution and laws of the United States of America.

"Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States.

### "Count Second.

"And the grand jurors aforesaid, on their oath aforesaid, do further present that the said Paul Felix, * * * W. W. Stiles, * * * at the time and place and in the manner and mode as specified in the first count of this indictment, and in the act of conspiring, injuring, oppressing, threatening, and intimidating the said Edward Stoulig, Raoul De Gruy, Henry Roth, Philip Klees, Frederick Schneckenberger, Anthony Maggiore, Michael Christina, John Maggiore, A. Wattingly, and Chris. Louchbaum, aforesaid, in the free exercise and enjoyment of their right and privilege secured to them by the Constitution and laws of the United States of voting for United States presidential electors, members of the House of Representatives of the United States, state. parochial, and municipal officers, the said Paul Felix, * * * W. W. Stiles, * * * aforesaid, did then and there with force and arms, armed with dangerous weapons, to wit, pistols, guns, scissors, willfully and maliciously, unlawfully, and feloniously in and upon one Emanuel A. O'Sullivan in the peace of the state of Louisiana and of the United States then and there being commit an assault, and did then and there willfully, maliciously, unlawfully and feloniously with a pair of scissors and did then and there unlawfully and feloniously, willfully and maliciously with a dangerous weapon, to wit, a pair of scissors, inflict a wound less than mayhem, contrary to the form of the statute of the state of Louisiana, being section No. 749 of the Revised Statutes of the state of Louisiana, as amended by Act No. 17 of 1888, by the General Assembly of the state of Louisiana, and contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States."

The first count is based on the following statute:

"Sec. 5508. If two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or if two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured, they shall be fined not more than five thousand dollars and imprisoned not more than ten years; and shall, moreover, be thereafter ineligible to any office, or place of honor, profit or trust created by the Constitution or laws of the United States." Rev. Stat. (U. S. Comp. St. 1901, p. 3712).

The second count is based on the following statute:

"Sec. 5509. If in the act of violating any provision in either of the two preceding sections any other felony or misdemeanor be committed, the offender shall be punished for the same with such punishment as is attached to such felony or misdemeanor by the laws of the state in which the offense is committed." Rev. Stat. (U. S. Comp. St. 1901, p. 3712).

The defendants pleaded "not guilty." The case was tried, and the jury returned a verdict of "guilty" as to Paul Felix and W. W. Stiles, and "not guilty" as to the other defendants. There were no exceptions as to the admission or rejection of evidence, nor to the charge of the court. A motion for a new trial was overruled. A motion in arrest of judgment was made on the following grounds:

"First. That the verdict herein rendered is contrary to law, and hence null and void.

"Second. That there was no offense charged in the indictment which could or can be punished under the laws of the United States.

"Third. That this honorable court was without jurisdiction in the premises, and that all the proceedings had under this indictment are null and void and of no effect."

The motion was overruled and judgment entered on the verdict, and the case is brought to this court on writ of error by Felix and Stiles, who assign that the Circuit Court erred because "the allegations and specifications contained in the indictment herein fail to constitute an offense or a crime indictable or punishable under sections 5508 and 5509 of the Revised Statutes of the United States."

Armand Romain (F. A. Middleton and Alfred E. Billings, of counsel, and on the brief), for plaintiffs in error.

Charlton R. Beattie, U. S. Atty. (W. J. Waguespack, Asst. U. S. Atty., on the brief).

Before McCORMICK and SHELBY, Circuit Judges, and NEWMAN, District Judge.

SHELBY, Circuit Judge (after stating the facts as above). 1. The statute (section 5508) on which the first count of the indictment is based is applicable to conspiracies to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same. The statute is applicable for the protection of "any citizen" without other limitation. The rights or privileges protected by the statute are limited. The statute embraces and protects only those which are secured to the citizen "by the Constitution or laws of the United States." The indictment charges that the defendants with others conspired to injure, oppress, threaten, and intimidate certain voters in the free exercise and enjoyment of the right and privilege to vote for members of the House of Representatives of the United States. It is contended by the learned counsel for the accused that the right or privilege to vote at an election for a member of the House of Representatives of the United States is not a right or privilege secured by the Constitution or laws of the United States, and that, therefore, such right is not within the meaning of section 5508. That contention presents the controlling question in this case.

[1] The first section of the first article of the Constitution vests all legislative powers granted in a Congress to be composed of a Senate and a House of Representatives. The second section provides:

"The House of Representatives shall be composed of members chosen every second year by the people of the several states, and the electors in each state shall have the qualifications requisite for electors of the most numerous branch of the state Legislature." Subdivision 1, § 2, Const.

The states were left free to prescribe the qualifications of the voters for the most numerous branch of their own Legislatures. When they have done so, such voters are made by the Constitution qualified electors to vote for members of the House of Representatives. The states in prescribing the qualifications of the voters do not do so with reference to elections for members of Congress. They have no authority to directly prescribe such qualifications. They provide who shall vote for the popular branch of their Legislatures, and the Constitution confers on such electors the right to vote for members of the House of Representatives of the United States. The right to vote for a member of Congress, therefore, is "fundamentally based upon the Constitution, which created the office of member of Congress, and declared it should be elective, and pointed to the means of ascertaining who should be electors." Ex parte Yarbrough, 110 U. S. 651, 664, 4 Sup. Ct. 152, 158, 28 L. Ed. 274; Wiley v. Sinkler, 179 U. S. 58, 21 Sup. Ct. 17, 45 L. Ed. 84; Swafford v. Templeton, 185 U. S. 487, 492, 22 Sup. Ct. 783, 46 L. Ed. 1005.

[2] 2. The learned attorney for the accused contends that section 5508 "refers specially to the civil rights of citizens of African descent dependent entirely upon the federal Constitution and laws passed in accordance therewith." It is claimed that the indictment, therefore, charges no offense because it does not appear that the aggrieved persons were citizens of African descent; or that they were interfered with on account of race, color, or previous condition of servitude. The section in question, as we have pointed out, relates to those who conspire against "any citizen." It involves no question of race. "Any citizen" is protected by it against the described conspiracies to injure him in the enjoyment of described rights and privileges. The statute has been often construed, the cases usually bearing on the question whether or not the right or privilege involved is one secured to the person injured "by the Constitution or laws of the United States." The right to make a homestead entry under a federal law has been held to be within the statute (U. S. v. Waddell, 112 U. S. 76, 5 Sup. Ct. 35, 28 L. Ed. 673); also, the right to aid in the execution of federal laws by giving information to the proper authorities of the violation of those laws (Motes v. U. S., 178 U. S. 458, 20 Sup. Ct. 993, 44 L. Ed. 1150), and the right of a marshal and his posse to arrest on legal process (U. S. v. Davis [C. C.] 103 Fed. 457). In each of these cases it would be immaterial whether the citizen injured was a white man or a negro. So in the case at bar the race of the person alleged to have been deprived of rights secured by the Constitution or laws of the United States is wholly immaterial. In fact, the record shows that the plaintiff in Swafford v. Templeton, supra, "was a white man," and in that case Mr. Justice White, speaking for the court, held that the plaintiff's right to vote for a member of Congress was fundamentally based upon the Constitution of the United States, which created the office, and declared that it should be elective.

The judgment is affirmed.