939 F.2d 19
 Cyril C. YOUNG, Jr., Jane Manning, Joel Berger, Sandy
Berger, Stephen Null, Murray Lichtman and Sylvia Lichtman,
and all persons similarly situated as United States citizens
who are viewers of motion pictures distributed in the United
States by defendant MCA Inc., Plaintiffs-Appellants,
v.
MATSUSHITA ELECTRICAL INDUSTRIAL CO., LTD., Matsushita
Holding Corp., Matsushita Acquisition Corp., and
MCA Inc., Defendants-Appellees.
 No. 1813, Docket 91-7158.
 United States Court of Appeals,
Second Circuit.
 Argued July 23, 1991.
Decided July 29, 1991.
 
 Dennis Grossman, New York City (Eileen King, Grossman & King, of counsel), for plaintiffs-appellants.
 Barry R. Ostrager, New York City (Dennis G. Jacobs, Mary Kay Vyskocil, Joseph M. McLaughlin, Simpson Thacher & Bartlett, of counsel), for defendants-appellees Matsushita Elec. Indus. Co., Ltd., Matsushita Holding Corp. and Matsushita Acquisition Corp.
 Norman Redlich, New York City (Theodore N. Mirvis, George T. Conway, III, Wachtell, Lipton, Rosen & Katz, of counsel), for defendant-appellee MCA Inc.
 Before WINTER, ALTIMARI and MAHONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from a judgment dismissing appellants' complaint for failure to state a claim for which relief can be granted. Appellants sought to enjoin the acquisition of appellee MCA Inc., a major American motion picture producer and distributor, by appellee Matsushita Acquisition Corp., a subsidiary of Matsushita Electrical Industrial Co., Ltd., a Japanese electronics manufacturing firm.
 
 
 2
 Appellants' complaint seeks to assert a right of national citizenship protecting essential features of the national government, among them an allegedly inherent right to receive information on national issues by means of mass media not accountable to foreign-owned or foreign-controlled entities. Appellants cite no case in support of their expansive concept of national-citizenship rights. We decline the invitation to issue such a decision.
 
 
 3
 "There has been a judicial reluctance to expand the content of national citizenship...." Bell v. Maryland, 378 U.S. 226, 250, 84 S.Ct. 1814, 1827, 12 L.Ed.2d 822 (1964) (Douglas, J. concurring). The rights of national citizenship were catalogued in Twining v. New Jersey, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97 (1908), and include "the right to pass freely from State to State, Crandall v. Nevada, 6 Wall. 35 [18 L.Ed. 745], the right to petition Congress for redress of grievances, United States v. Cruikshank, [92 U.S. 542, 551, 23 L.Ed. 588]; the right to vote for National officers, Ex Parte Yarbrough, 110 U.S. 651 [4 S.Ct. 152, 28 L.Ed. 274]; Wiley v. Sinkler, 179 U.S. 58 [21 S.Ct. 17, 45 L.Ed. 84], the right to enter the public lands, United States v. Waddell, 112 U.S. 76 [5 S.Ct. 35, 28 L.Ed. 673], the right to be protected against violence while in the lawful custody of a United States marshal, Logan v. United States, 144 U.S. 263 [12 S.Ct. 617, 36 L.Ed. 429], and the right to inform the United States authorities of violation of its laws, In re Quarles, 158 U.S. 532 [15 S.Ct. 959, 39 L.Ed. 1080]." Twining, 211 U.S. at 97, 29 S.Ct. at 19.
 
 
 4
 The alleged right of U.S. citizens to receive communications through domestic media that are not subject to foreign control does not remotely resemble any extant right of national citizenship, all of which involve matters "connected with the powers or the duties of the national government." Cruikshank, 92 U.S. at 552, 23 L.Ed. 588.
 
 
 5
 The right appellants ask us to create is paradigmatically one for the legislative branch. As Section 310 of the Communications Act of 1934 illustrates, it belongs properly to Congress, if it chooses, to regulate the sale or transfer of American business in the communications media. See 47 U.S.C. Sec. 310 (1988). Congress having elected not to regulate foreign transfer of ownership in the motion picture medium, we decline the invitation to undertake such regulation.
 
 
 6
 Accordingly, the decision of the district court is affirmed.