## BUCHANAN v. UNITED STATES,

and six other cases.

(Circuit Court of Appeals, Eighth Circuit. May 1, 1916.)

Nos. 4263–4269.

1. CONSPIRACY ⊙⇒29—OFFENSES—INTENT.

Under Penal Code (Act March 4, 1909, c. 321) § 19, 35 Stat. 1092 (Comp. St. 1913, § 10183) making it a crime for two or more persons to conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise of any right secured to him by the Constitution or federal laws, or because of his having exercised the same, intent is an essential of the offense, and where defendants believed that one of their number was entitled to improvements upon an unperfected homestead belonging to another, and in good faith went upon the land and removed the improvements, they are not guilty.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 42–52; Dec. Dig. ⊙⇒29.]

2. CRIMINAL LAW ⊙⇒390—EVIDENCE—ADMISSIBILITY.

Where accused's intent is material, he may testify as to his intent.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 858; Dec. Dig. ⊙⇒390.]

233 F.—17

3. CRIMINAL LAW ⬤⇒390—EVIDENCE—ADMISSIBILITY—INTENT.
    Where defendants claimed that they entered upon an unperfected home-
    stead and removed improvements, believing that such improvements be-
    longed to one of their number, and their intent was material, defendants,
    to show their intent, may introduce in evidence statements which third
    persons made to them.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 858; Dec.
    Dig. ⬤⇒390.]

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Eugene Buchanan, Irving Monette, Gilbert Schwartzlander, August Sindt, John Sindt, Ole Simonson, and Frank Miller were convicted of crime, and they separately bring error. Reversed and remanded.

Charles W. Waterman and Caldwell Martin, both of Denver, Colo. (S. E. Naugle, of Sterling, Colo., on the brief), for plaintiffs in error.

Eugene B. Lacy, Asst. U. S. Atty., of Denver, Colo. (Harry B. Tedrow, U. S. Atty., of Denver, Colo., on the brief), for defendant in error.

Before HOOK and CARLAND, Circuit Judges, and VAN VALK-ENBURGH, District Judge.

HOOK, Circuit Judge. [1] The plaintiffs in error were convicted of violating section 19 of the Penal Code which makes it a crime for two or more persons to conspire "to injure, oppress, threaten or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same." They went upon land held by James H. Scott and wife by virtue of an unperfected homestead entry under the laws of the United States, and tore down and removed buildings and improvements.

Buchanan was the leader and director; the others were men either in his general service or specially employed by him to assist in what was done. In any aspect the conduct of the accused was indefensible. Viewed most favorably for them, it was a case of high-handed, lawless self-help. But there was a question, and rather a close one as to most of them, whether their intent was to interfere with the exercise by the Scotts of their homestead right, or, on the other hand, and wholly aside from the character of the occupancy of the land, they believed Buchanan owned the improvements and was entitled to remove them. If that belief was entertained in good faith, and the intent of Buchanan's helpers was but to aid him in the assertion of his supposed title they did not violate the act of Congress. Intent in respect of the federal right is an essential element of the offense charged. See United States v. Waddell, 112 U. S. 76, 80, 5 Sup. Ct. 35, 28 L. Ed. 673. The legal quality and consequences of an act are not always apparent or definitely indicated. Some acts are of such an equivocal or ambiguous character that the judicial inquiry turns wholly upon the particular motive which may be disclosed by extrinsic evidence. The murder of a homestead entryman, for example, would effectually prevent him from perfecting and enjoying

his entry, but it may have been the result of private personal malice without relation to his tenure.

[2, 3] The trial court excluded various questions asked the accused by their counsel to elicit their belief that Buchanan owned the improvements, the grounds of their belief, and their intent in what they did. Whenever the belief of a person, or the motive or intent of his act or conduct is material, he may testify directly what it was. Wigmore on Ev. § 581. He may also give the grounds of the belief upon which his motive or intent proceeded, including the statements of third persons to him. Id. §§ 245, 655, 1789. In the case at bar the statements of third persons to the accused, which were excluded, were not offered as evidence of their truth, but as tending to show the state of mind they produced, and therefore they were not within the rule against hearsay evidence. It was immaterial whether the statements were true or false; the fact that they were made was material. A familiar application of this doctrine is to communicated threats of the deceased in a case of homicide, where the defense is fear of bodily harm. Wallace v. United States, 162 U. S. 466, 477, 16 Sup. Ct. 859, 40 L. Ed. 1039. We think the error in the exclusion of this evidence prejudicially affected the defense of all the accused. The criticisms of the indictment are without merit; the other matters may not arise again.

The sentences are reversed, and the cause is remanded for a new trial.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes