**UNITED STATES of America, Plaintiff,**

**v.**

**Thomas J. PURVIS, Charles C. Wimberly, Sr., William L. Shirley, Jr., John C. McCorvey, Sr., Harold E. Donald, Harry L. Hutton, Jr., James J. Manning, Cecil E. Byrd, James H. Stanford, Defendants.**

**Crim. No. 77–66.**

United States District Court, S. D. Alabama, S. D.

Aug. 17, 1977.

Daniel L. Bell, II, Civ. Rights Div., Dept. of Justice, Washington, D. C., for plaintiff.

Barry Hess and Roderick P. Stout, Mobile, Ala., for Purvis.

Wm. J. Baxley, Atty. Gen. of Ala., Montgomery, Ala., Thomas M. Haas, Mobile, Ala., for Wimberly.

John W. Coleman, Mobile, Ala., for Shirley.

Jos. C. Sullivan, Jr., Mobile, Ala., for McCorvey.

J. Calvin Clay and James E. Atchison, Mobile, Ala., for Donald.

Thomas P. Doyle, Mobile, Ala., for Hutton.

Ian F. Gaston, Mobile, Ala., for Manning.

Charles N. McKnight, Mobile, Ala., for Byrd.

Thomas A. Deas and Edward B. McDermott, Mobile, Ala., for Stanford.

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

PITTMAN, Chief Judge.

A two-count indictment was filed on June 27, 1977, against the defendants in the shooting death of inmate Louis Wallace in an escape attempt at the Mobile County Jail on October 12, 1976. Count One charged all of the defendants with violation of 18 U.S.C. § 241. Count Two was lodged against only defendant Stanford and it charged criminal actions on his part under 18 U.S.C. § 242.

In July of this year, the defendants filed respective motions to dismiss on the ground that the indictment was fatally deficient on both counts. In regard to Count One, the defendants alleged that there was no allegation of specific intent to deprive Wallace of his civil rights which they claimed was an essential element of the crime that must appear in the indictment. It was asserted that Count Two was flawed due to the absence of the word "willfully" in reference to the alleged deprivation of the deceased's civil rights. Based upon these omissions, the defendants moved for dismissal of the indictment. It is the opinion of this court that the motions are well taken.

The questions before the court are legal and not factual. Count One has been attacked for failure to charge these defendants with "intent to deprive" Louis Wallace of certain civil rights. Count Two has been attacked for failure to charge the defendant James H. Stanford with "willfully depriving" Louis Wallace of certain civil rights.

This ruling does not pass judgment upon the credibility of what did or did not happen at the time and place set out in the indictment.

Everyone is reminded that the Grand Jury which considered this matter has not been discharged and should be governed accordingly.

Count One of the *Purvis* indictment was based on 18 U.S.C. § 241 which provides for criminal sanctions in the event that "two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the

free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same  . . ." 18 U.S.C. § 241. In terms of the essential elements of a valid § 241 indictment, the Fifth Circuit, in *Wilkins v. United States,* 376 F.2d 552 (5th Cir. 1967), cited with approval the old Supreme Court case of *United States v. Cruikshank,* 92 U.S. 542, 23 L.Ed. 588 (1876) for the proposition that a § 241 indictment "must allege that it was the intent of the defendants, by their conspiracy, to hinder or prevent the enjoyment of some right secured by the Constitution, and must charge positively and not inferentially everything essential." *Wilkins, supra,* at 562.

In *Wilkins,* the court noted the "[a]ppellants never at any time objected to or took exception to the form of the indictment." *Wilkins, supra,* at 562.

The Court, in *Cruikshank,* stated that a "crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place and circumstances." *Cruikshank, supra,* 92 U.S. at 558.

■ An examination of the indictment in this case reveals that no allegation of the requisite intent to deprive Wallace of his civil rights is to be found in Count One. Only the bare charge that the defendants "conspired together  .  .  .  to injure, oppress, threaten and intimidate inmates of the Mobile County Jail who were citizens of the United States in the free exercise and enjoyment of the right and privilege secured to them by the Constitution and laws of the United States not to be deprived of life without due process of law, which conspiracy resulted in the death of Louis Wallace, an inmate at the Mobile County Jail" appears in the formal charge against the defendants. According to the Fifth Circuit in their pronouncements in the *Wilkins* decision, more is necessary for a true and proper indictment under this historic and extraordinary federal criminal statute. As further emphasis and elaboration upon the importance of the allegation of specific in-

tent in the indictment, the *Wilkins* court cited the Eighth Circuit case of *Buchanan v. United States,* 233 F. 257 (8th Cir. 1916). The Eighth Circuit reasoned therein that the specific intent of the defendants to undermine an individual's civil rights must be set out in the indictment. The *Buchanan* court went on to state that if the defendants perpetrated acts that functionally denied federal rights but were performed in the belief that their conduct was serving a legitimate purpose, then "they did not violate [§ 241]." *Buchanan, supra,* at 258. Most importantly, the *Buchanan* court hypothesized that a homicide that operates as a denial of federal rights might spring not from an intent to deprive a person of federal rights but from "personal malice," the latter of which does not bring § 241 into play. Consequently, to insure the indictment's sound basis, that express intent must be charged or the indictment is lacking. The *Purvis* indictment is plainly remiss in this regard. Of great significance, too, on this issue is the Fifth Circuit case of *United States v. Musgrave,* 444 F.2d 755 (5th Cir. 1971). In that decision, involving as does the instant case a statutory criminal conspiracy charge, the court declared that one of the counts "of the indictment is fatally defective since it omitted an essential element of the offense—'intent to defraud the Home Savings Association of Odessa, Texas.' Any conviction based on a fatally defective indictment must, of course, be reversed." *Musgrave, supra,* at 760–61. By analogy, it is clear that the *Musgrave* opinion casts further doubt on the validity of Count One of the indictment before us.

The question in Count One is *not* whether the defendants intended to act unlawfully.

The question *is* did the defendants "intend to deprive Wallace of his civil rights."

In support of the indictment, a number of cases were urged by the United States Attorney, but neither the precedent he relied upon nor the case law this court researched and reviewed were persuasive. In *Anderson v. United States,* 417 U.S. 211, 227 n.13, 94 S.Ct. 2253, 2264 n.13, 41 L.Ed.2d 20, 33 n.13 (1974), the Supreme Court noted that

the indictment before them "was similar to those used in other § 241 prosecutions." The *Anderson* indictment in part read "the defendants herein, did *unlawfully, wilfully* and *knowingly* conspire . . . to injure and oppress . . . the free exercise . . . of certain rights . . . secured . . . by the Constitution . . . . * * * to cause fraudulent and fictitious votes to be cast . . . all with the purpose and intent . . . ." (emphasis added) There are no similar averments in the *Purvis* indictment. Furthermore, in the *Anderson* pleadings (see file) the defendants did not attack the indictment on the ground of failure to allege intent more specifically. The court did not address itself to this issue but limited its decision to holding a § 241 indictment was not unconstitutionally vague and gave adequate notice of the specific charge. Suffice it to say, the allegations in the *Anderson* indictment are much more specific than in the *Purvis* indictment.

This court is cognizant of the Fifth Circuit's position that the "validity of an indictment is determined from reading the indictment as a whole . . . and . . must be determined by practical, not technical, considerations." *United States v. Markham,* 537 F.2d 187, 192 (5th Cir. 1976). However, the *Markham* indictment charged the defendants "knowingly, willfully" violated the federal criminal statutes, as did the *Anderson* case, whereas, the indictment in the case *sub judice* does not contain such an averment. Again, in those cases the court did not address itself to a claimed failure to allege intent more specifically.

The Government proffered as support for the indictment the well known companion cases of *United States v. Price,* 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966) and *United States v. Guest,* 383 U.S. 745, 86 S.Ct. 1170, 16 L.Ed.2d 239 (1966), both of which involved § 241 indictments very similar in wording to Count One in this case. The *Price* pleadings were obtained by this court (see file) and revealed no challenge by the defendants that the indictment was fatally defective due to the absence of a specific intent allegation. The Supreme Court did not address itself there to the issue before this court. The Court stated the "sole question presented in these appeals is whether the specified statutes make criminal the conduct for which the individuals were indicted." *Price,* 383 U.S. at 789, 86 S.Ct. at 1154. Similarly, the *Guest* indictment did not contain an allegation of specific intent. The Supreme Court noted in passing that the "defendant [only] moved to dismiss the indictment on the ground that it did not charge an offense under the laws of the United States." *Guest,* 383 U.S. at 748, 86 S.Ct. at 1173. The issue of the omission of specific intent was not raised and the Court did not address itself to the issue before this court. While these two cases represented major developments in the field of § 241, they offer nothing in terms of authority on the issue of the absence of an allegation of specific intent in the indictment if properly presented to the court.

In its search for cases wherein an allegation was made that the § 241 indictment failed to allege the specific intent, this court found and considered *Hayes v. United States,* 464 F.2d 1252 (5th Cir. 1972). The court stated "[defendants in the District Court] moved to dismiss the indictment . . . . With respect to Count 1, they contended . . . [that] the count was defective because it failed to allege a specific intent on the parts of the [defendants] to deprive the Negro students of a constitutionally protected right." *Hayes,* at 1255. That motion was denied by the District Court and "[o]n direct appeal the appellant did not argue . . . that the trial judge had erroneously denied their motions to dismiss." Id. at 1256. The Circuit Court therefore did not address itself to that issue. This is an indication that the Fifth Circuit still adheres to its position as stated in *Wilkins* and of their unwillingness to overrule *Wilkins* and *Cruikshank,* supra, if such an issue were properly presented to them.

In view of all the precedent set out above and the general statement of law that an egregiously incomplete indictment is void, the defendants' motions to dismiss must be granted as to Count One of the indictment.

Count Two of the *Purvis* indictment is leveled only at the defendant Stanford who allegedly shot to death Louis Wallace and in doing so violated 18 U.S.C. § 242. Section 242 states that criminal sanctions are in order for "[w]hoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such inhabitant being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens . . . ." 18 U.S.C. § 242.

The question in Count Two is *not* whether the defendant willfully or without lawful authority shot Wallace.

The question *is*, did the defendant shoot Wallace to "*willfully* (and intentionally) *deprive him of his civil rights*"?

Count Two of the *Purvis* indictment charges that "[o]n or about October 12, 1976, in Mobile, Alabama, within the Southern Division of the Southern District of Alabama, JAMES H. STANFORD, acting under color of the laws of the State of Alabama, did wilfully shoot and kill Louis Wallace, an inhabitant of the State of Alabama, and did thereby deprive Louis Wallace of the right secured and protected by the Constitution and laws of the United States not to be deprived of life without due process of law." The defendant argued that the absence of the word "willfully" in regard to the alleged deprivation of rights was insufficient, and could not stand as a valid charge under § 242. This court believes the defendant is correct. In its brief filed in opposition to the motion to dismiss, the Government discredited the contention of the defendant that the failure to repeat the word "willfully" was not of great consequence in terms of the validity of the indictment. The Government cited in favor of its contention *Screws v. United States,* 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945) and *United States v. Stokes,* 506 F.2d 771 (5th Cir. 1975). However, not only do these cases fail to address the question of the sufficiency of their respective indictments, but also the original indictments in the *Screws* and *Stokes* cases contained language that charged a willful deprivation of rights. The Fifth Circuit did confront a § 242 indictment's omission of the work "willfully" in regard to the deprivation of rights in *Pullen v. United States,* 164 F.2d 756 (5th Cir. 1947). In its decision in *Pullen,* the court reversed the conviction of the defendants below on the ground that "if the statute [§ 242] without the word 'willful' is bad, so would be an indictment [that omitted the word 'willfully' in regard to deprivation of rights] under that statute." *Pullen,* at 760. This aspect of *Pullen* is still a vital proposition of law in the Fifth Circuit. *Pullen* was cited rather recently as support for the proposition that "[a]ny conviction based on a fatally defective indictment must, of course, be reversed." *Musgrave, supra,* at 761. The court's hypothesis in *Buchanan, supra,* as applied to Count One, is of equal force in relation to Count Two. Ostensibly, the failure of the word "willfully" to appear a second time in the indictment in conjunction with the deprivation of rights is a grave mistake that condemns Count Two to the status of an insufficient charge under § 242.

The *Screws* case deserves further comment. The facts which resulted in a conviction were much more aggravated than those *only alleged* in this case. The Supreme Court reversed the trial court on the same principle we are concerned with here, only in *Screws* the defect was in the judge's instructions to the jury, here, in the indictment. *Screws* reflects the sound judicial philosophy that a person's legal rights will not be violated, ignored, or runover to rectify the claimed violations of another person's legal rights.

The *Wilkins, et al* cases and the *Pullen* case focus on the legal rights defendants have to be properly indicted.

It is therefore ORDERED, ADJUDGED, and DECREED that Counts One and Two of the indictment be, and are hereby, DISMISSED without prejudice as to all defend-

ants because of the errors or defects set out herein.