IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 20, 2001 Session

## STATE OF TENNESSEE v. GERALD STOVALL

**Direct Appeal from the Criminal Court for Monroe County**
**No. 99-089      Carroll L. Ross, Judge**
**August 3, 2001**

**No. E2000-00926-CCA-R3-CD**

The Monroe County grand jury indicted the defendant on two counts of selling or delivering  over .5 grams of cocaine.   At the conclusion of a bench trial, the trial court found beyond a reasonable doubt that the defendant had sold cocaine in the alleged amounts on the dates in question. However, immediately after making this determination, the trial court <u>sua</u> <u>sponte</u> announced that it was dismissing the indictment because of a fatal wording error. Through this appeal the State contends that the dismissal was erroneous and asks that the case be remanded for sentencing. Following our review of the record and applicable caselaw, we find the State's issue to have merit and, therefore, reverse the trial court's dismissal and grant the requested remand for sentencing

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed and Remanded for Sentencing**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Paul G. Summers, Attorney General & Reporter; R. Stephen Jobe, Assistant Attorney General; Jerry N. Estes, District Attorney General and Shari Lynn Tayloe, Assistant District Attorney for appellant, State of Tennessee.

Charles M. Corn, District Public Defender and Lee E. Ledbetter, Assistant District Public Defender, for appellee, Gerald Stovall.

**OPINION**

**Factual Background**

Because this issue revolves around the wording of the indictment, we will only briefly address the facts surrounding the offenses. Essentially the proof revealed that the defendant had sold cocaine to confidential informants Donna Henegar and Allen Morgan on December 16th and 18th of 1998. While testifying at trial, Henegar identified the defendant as the individual from whom she had purchased the drugs.  During the buys Henegar was wired for audio purposes, and Detective Matt

Conley, who was monitoring the transactions as they took place, recognized the defendant's voice since they had known each other in school. This officer submitted the substances purchased to the Tennessee Bureau of Investigation crime lab for analysis. The parties stipulated the results of this testing which revealed that the first substance contained .7 grams of cocaine while the second contained .5 grams of cocaine.

At the conclusion of the proof, the trial court made the following statement:

... I think that the State has shown beyond a reasonable doubt that the defendant sold cocaine of point five grams or more on both the December 16th date and the December 18th date of 1998, based upon the proof I've heard. Now, however ... in looking in our indictment here, I see the same problem that I have seen on indictment after indictment, where there is a misstatement in the indictment on the element of the crime charged. ... We have yet another indictment that says he, "unlawfully, intentionally, or knowingly" committed the act. "Intentionally" is not even an element of the crime. "Unlawfully" and "knowingly" both have to be proven in the conjunctive, not the disjunctive. ... I'm going to dismiss the indictment , General ... because I think it fails to adequately state the elements of the crime in the proper language as set forth in the statute. It has to be both of those things, "unlawfully and knowingly," not "unlawfully or knowingly." ... I don't think [the language of the indictment] adequately tracks the language of the statute as required by law.

As aforementioned, the State avers through its appeal that the trial court erred in dismissing the indictment. Thereafter the State asks this Court to reverse the lower court's ruling and remand the case for sentencing.

### Standard of Review/Waiver

At the outset we must address the appropriate standard of review and the matter of waiver. With respect to the former, we observe that the issue before the Court is a question of law. Our review is, therefore, de novo. See, e.g., State v. Ruff, 978 S.W.2d 95, 96 (Tenn. 1998). We next confront the question of waiver. As aforementioned, the defendant did not raise this issue at all: it was addressed sua sponte by the trial court at the conclusion of the bench trial. According to Tennessee Rule of Criminal Procedure 12(b), challenges to indictments must be raised pre-trial unless these challenges are based on an alleged lack of jurisdiction or a failure to charge an offense. Tenn. R. Crim. P. 12(b)(2). In the instant case the trial court's basis for its dismissal is essentially an asserted failure to adequately charge an offense thereby leaving the trial court without jurisdiction to hear the case. Thus, we find that the concern was not barred by waiver, and we will not automatically grant a reversal on that ground.

### Improper Dismissal of Indictment

In considering the propriety of the dismissal based on an alleged fatal defect in the indictment, we first look to the language within the charging instrument. Count one of the indictment states that the defendant:

on or about the 16th day of December, 1998, in Monroe County, Tennessee, and before the finding of this indictment, did unlawfully, intentionally, or knowingly sell a controlled substance, to wit: Cocaine, .5 grams or more, a Schedule II controlled substance as classified in Section 39-17-408 of the Tennessee Code Annotated, in

violation of T.C.A. 39-17-417, all of which is against the peace and dignity of the State of Tennessee.

The alternate count uses the same language except for substituting the word "deliver" for "sell." Count two follows the same pattern, but the crime involved allegedly occurred on December 18th. Thus, both counts and their alternates use the phrase "unlawfully, intentionally, or knowingly." According to the trial court's order "the indictment was fatal in that 1) it alleged a culpable mental state (to-wit: intentionally) not in the statute and, 2) more importantly, that the two requisite culpable mental states needed to sustain a conviction (to wit: unlawfully and knowingly) were alleged in the disjunctive, not in the conjunctive as required by law."

The Tennessee Supreme Court has stated that "an indictment is valid if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997); see also State v. Hammonds, 30 S.W.3d 294, 299 (Tenn. 2000). Further, "an indictment need not conform to traditionally strict pleading requirements."[1] Hill at 727. "Thus, we now approach 'attacks upon indictments, especially of this kind, from the broad and enlightened standpoint of common sense and right reason rather than from the narrow standpoint of petty preciosity, pettifogging, technicality or hair splitting fault finding.'" Id at 728. (quoting United States v. Purvis, 580 F.2d 853, 857 (5th Cir. 1978)).

Applying this standard to the case before us, a "common sense" reading of the instant indictment indicates that it sufficiently complies with the constitutional notice requirements recited in Hill. With regard to the first prong of the above-outlined test governing the validity of an indictment, this defendant was aware of the offenses with which he was charged. The statute allegedly violated is noted within the charging instrument along with other details.[2] Turning to the second prong, the trial court was furnished sufficient information to enter a proper judgment. Again, the indictment delineates the statute alleged to have been violated; the county in which the transactions had occurred; the basic activity engaged in; and the substance and general amounts involved.[3] And finally as to the last prong, this defendant received protection against double jeopardy. The indictment not only provides the information previously noted but also states the dates on which these incidents allegedly took place. There is no possibility that the defendant could be prosecuted again for these offenses.

Additionally, while the defendant cites various cases and theories in support of our affirming this dismissal, we remain unpersuaded. For example, the defense "avers that the holding in Hill is

---

[1] Hill explains that "the purpose for the traditionally strict pleading requirement was the existence of common law offenses whose elements were not easily ascertained by reference to a statute. Such common law offenses no longer exist." Hill at 728.

[2] We also observe that the defendant made no claim of surprise, and he presented a defense denying any involvement with the crimes.

[3] In addition, the trial court's ruling reveals that it recognized the appropriate offenses since it was able to provide what would have been an improved wording of the indictment.

limited to those 'offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state ....'" The defendant then points out that the statute involved in his case has the "specific culpable mental state of 'knowing'" and concludes that Hill is, thus, inapplicable. However, our supreme court has already found to the contrary in Ruff v. State. See Ruff at 99. Ruff in part deals with an aggravated kidnaping allegation, which by statute requires false imprisonment. Id.; see also Tenn. Code Ann. § 39-13-304. The latter term is defined as "knowingly removing or confining another ...." Tenn. Code Ann. § 39-13-302; see also Ruff at 99. After noting this, our supreme court declared: "We think that the reasoning in Hill applies with even greater force here because the mental state was provided by the statute cited in the indictment, thereby placing [the defendant] on notice that knowledge is an element of the offense." Id (emphasis added). As aforementioned, the indictment challenged in the instant case provided the statute violated as being Tennessee Code Annotated § 39-17-417. The first sentence of this law clearly sets out "knowing" as the mental component needed to sustain a conviction. See Tenn. Code Ann. § 39-17-417(a). Accordingly, the Hill analysis of the present indictment is appropriate.

Finally, we specifically examine the prosecution's use of the phrase "unlawfully, intentionally, or knowingly." By including "knowingly," the indictment presently before this Court charges the defendant with the above-referenced mental element required by statute. See Tenn. Code Ann. § 39-17-417. Though the indictment also includes the word "intentionally," this mens rea encompasses the definition of "knowingly." See Tenn. Code Ann. § 39-11-301(a)(2). "Intentionally" therefore becomes surplusage, which certainly would be better omitted, but to find this indictment invalid because of surplus language involved would require us to engage in the hyper-technical analysis that our supreme court jettisoned in Hill. Finally, the prosecution's inappropriate use of the term "unlawfully" in the disjunctive with "intentionally" and with "knowingly" does not render the indictment invalid either. In an analogous case a defendant asserted that the indictments charging him with the delivery of cocaine were insufficient because they failed to allege a mental element. See State v. Wilson, 31 S.W.3d 189, 192 (Tenn. 2000). The indictments averred that the defendant had "unlawfully deliver[ed] ... Cocaine, as classified in Section 39-17-408, in violation of Tennessee Code Annotated, Section 39-17-417(c)(1) ...." Id. With these facts our supreme court concluded that "because the indictments charging [the defendant] with the delivery of cocaine referenced the appropriate statute, he was provided sufficient notice of the required mental state to commit the offense. The indictments, therefore, are legally sufficient." Id. We reach the same conclusion with respect to the instant indictments.[4]

**Conclusion**

---

[4]Although we have upheld the indictments in the instant case and although Hill jettisoned many of the technical pleading requirements for indictments it would behoove prosecutors to take greater care than that exhibited in this case when drafting indictments.

-4-

For the foregoing reasons we find that the State's allegation has merit. Accordingly, the trial court's dismissal of the indictment is REVERSED AND the matter is REMANDED for the entry of judgment and the institution of sentencing procedures.

 

_____
JERRY L. SMITH, JUDGE