United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30631
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KERRY NATION,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:02-CR-30043-5
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Kerry Nation appeals the district court's denial of a post-conviction motion to dismiss a multi-count indictment charging numerous defendants as being part of a crack cocaine distribution ring run by the Nation family. The district court concluded that the motion should be treated as a 28 U.S.C. § 2255 motion and that it could not entertain the motion because all the movants had pending appeals. Only Kerry Nation signed the notice of appeal, and the notice does not name the individual appellants. Rather,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the notice says that defendants, "Lee Dell Nation, et al." appeal the denial of the district court's order.

We need not reach any jurisdictional or procedural issues raised by the Government, because we conclude that the appeal is frivolous. See United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000); United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992). The contention on appeal that the indictment is defective because it does not allege specific intent and does not specify the mixture containing cocaine base is patently without merit. The indictment plainly states that the defendants intentionally conspired and agreed to distribute 50 grams or more of a mixture or substance containing cocaine base. This is sufficient to allege specific intent, see United States v. Purvis, 580 F.2d 853, 857-58 (5th Cir. 1978), and to put defendants on notice of the offense with which they were charged. United States v. Gaytan, 74 F.3d 545, 551 (5th Cir. 1996). Accordingly, this appeal is dismissed as frivolous. 5th CIR. R. 42.2.

DISMISSED AS FRIVOLOUS.