IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 28, 2005

## MARTIN E. WALKER  v. HOWARD CARLTON, WARDEN

**Direct Appeal from the Criminal Court for Johnson County**
**No. 107855   Lynn W. Brown, Judge**

———————————————

**No. E2005-00398-CCA-R3-HC - Filed July 5, 2005**

———————————————

The Petitioner, Martin E. Walker, filed a petition for writ of habeas corpus seeking relief from an allegedly void judgment, which the habeas corpus court dismissed.  On appeal, the Petitioner contends that the habeas corpus court erred in dismissing his petition because: (1) count one of the indictment charging him with murder is defective because it did not provide notice of the offense charged; (2) the indictment is invalid because the district attorney failed to sign it; and (3) the State failed to comply with the trial court's order for a bill of particulars.  Finding no error in the judgment of the habeas corpus court, we affirm the dismissal of the Petitioner's petition for habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ALAN E. GLENN, JJ., joined.

Martin E. Walker, pro se, Mountain City, Tennessee.

Paul G. Summers, Attorney General and Reporter; and Brent C. Cherry, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Facts**

On August 6, 1984, a Davidson County Grand Jury charged the Petitioner in a two count indictment with the first degree murder of his father, James T. Walker, and the first degree murder of his wife, Diane Walker.  See State v. Martin E. Walker, No. 85-295-III, 1987 WL 17609, at *1 (Tenn. Crim. App., at Nashville, Sept. 29, 1987), *perm. app. denied* (Tenn. Nov. 30, 1987).  The cases were severed, the Petitioner was found guilty of the murder of James T. Walker, and the trial court sentenced the Petitioner, as a Range I standard offender, to life imprisonment.  Id.  On direct appeal, this Court affirmed the Petitioner's conviction and sentence.  Id. at *3.  On October 12, 2004,

the Petitioner filed a petition for writ of habeas corpus, in the Johnson County Criminal Court, in which he alleged that his judgment is void because: (1) the indictment, charging him with first degree murder of James T. Walker, is defective because it did not provide notice of the offense charged; (2) the indictment is invalid because the district attorney failed to sign it; and (3) the State failed to comply with the trial court's order for a bill of particulars. The habeas corpus court dismissed the petition stating:

> The Petitioner, Martin E. Walker, sentenced to life in prison for first degree murder, requests that a writ of habeas corpus issue. Upon consideration of the petition, the [S]tate's motion to dismiss and memorandum of law and the [P]etitioner's response, the court is of the opinion that the motion to dismiss is well taken. Nothing in the petition would support a finding by this court that [P]etitioner's conviction is void or that his sentence has expired. The [P]etitioner's request for appointed counsel is respectfully denied.

It is from this order of the trial court that the Defendant now appeals.

## II. Analysis

Article I, section 15 of the Tennessee Constitution guarantees its citizens the right to seek habeas corpus relief and Tennessee Code Annotated sections 29-21-101 et seq. codify the applicable procedures for seeking a writ. However, the grounds upon which our law provides relief are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Unlike the post-conviction petition, the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Therefore, in order to state a cognizable claim for habeas corpus relief, the petition must contest a void judgment. Id. "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment . . . . A voidable judgment is one which is facially valid and requires proof beyond the face of the record or judgment to demonstrate its voidableness." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) (citing Archer v. State, 851 S.W.2d 157, 161 (Tenn. 1993)). A sentence imposed in direct contravention of a statute is illegal and therefore "void or voidable depending upon whether the illegality of the sentence is evident on the face of the judgment or the record of the underlying proceedings." McLaney v. Bell, 59 S.W.3d 90, 94 (Tenn. 2001) (citing Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000)), see also State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978).

The petitioner bears the burden of showing by a preponderance of the evidence that the conviction is void or that the prison term has expired. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. It is permissible for a trial court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. See Passarella, 891 S.W.2d at 627. Because the determination of whether habeas corpus relief should be granted is a question of law, our review is de novo with no

presumption of correctness.  Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

The Petitioner contends that he is entitled to habeas corpus relief because the judgment of conviction, by which he is incarcerated, is void because it is predicated on an invalid indictment. If the Petitioner is correct and his indictment is defective, a defective indictment is an appropriate issue to be brought in a habeas corpus petition.  See Wyatt v. State, 24 S.W.3d 319 (Tenn. 2000).

The Petitioner first asserts that count one of his indictment upon which he was convicted is defective because it failed to provide the Petitioner with  proper notice of the offense.  The State contends that the Petitioner was clearly on notice of the offense he was charged with based on this indictment.  At the time of the offense, first degree murder was defined in pertinent part as "[e]very murder perpetrated by means of poison, lying in wait, or by other kind of willful, deliberate, malicious and premeditated killing . . . ." Tenn. Code Ann. § 39-2-202 (Supp. 1982).  An indictment must meet the statutory requirements of Tennessee Code Annotated section 40-13-102, which provides:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty, which will enable the court, on conviction, to pronounce the proper judgment; and in no case are such words as "force and arms" or "contrary to the form of the statute" necessary.

Tenn. Code. Ann. § 40-13-202 (Supp. 1982).  In the case under submission, the Petitioner included a copy of count one of his indictment as an exhibit to his petition, which reads as follows:

> The Grand Jurors for the State of Tennessee, duly elected, impaneled, sworn and charged to inquire for the body of the County of Davidson, and State aforesaid, upon their oath aforesaid, present: That Martin E. Walker of said County, heretofore, to-wit: On the ___ day of July, 1984, with force and arms, in the County aforesaid, unlawfully, feloniously, willfully, deliberately, premeditatedly and maliciously, did make an assault upon the body of one James T. Walker and him the said James T. Walker he the said Martin E. Walker then and there did unlawfully, feloniously, willfully, deliberately, premeditatedly, and of his malice aforethought, kill and murder, against the peace of the State.

After a thorough review of the indictment in this case, under the applicable law, we find that it is sufficient.  The indictment in this case closely follows the statutory form of the crime, and the indictment is consistent with the requirements of Tennessee Code Annotated section 40-13-202 (Supp. 1982).  We note that our Supreme Court's decision in State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997) supports this conclusion.  In Hill, our Supreme Court held that, for constitutional purposes, "an indictment is valid if it provides sufficient information: (1) to enable the accused to know the accusation to which answer is required; (2) to furnish the court adequate basis for the entry

of a proper judgment; and (3) to protect the accused from double jeopardy." Hill, 954 S.W.2d at 727. In Hill, the Court stressed that indictments should be scrutinized from the vantage point of "common sense and right reason rather than from the narrow standpoint of . . . technicality or hair splitting fault finding." Id. at 728 (quoting United States v. Purvis, 580 F.2d 853, 857 (5th Cir. 1978)). Since Hill, the Court has often repeated its intention to relax "common law pleading requirements and its reluctance to elevate form over substance when evaluating the sufficiency of indictments." See e.g., State v. Hammonds, 30 S.W.3d 294, 300 (Tenn. 2000). In Hammonds, the Court said, "Indeed, Hill and its progeny leave little doubt that indictments which achieve the overriding purpose of notice to the accused will be considered sufficient to satisfy both constitutional and statutory requirements." Id.; see State v. Sledge, 15 S.W.3d 93, 94 (Tenn. 2000); Crittenden v. State, 978 S.W.2d 929, 931 (Tenn. 1998); Ruff v. State, 978 S.W.2d 95, 100 (Tenn. 1998). Accordingly, we conclude the Petitioner was provided adequate notice of the charges against him, and the trial court had an adequate basis for the entry of a proper judgment. Therefore, this issue is without merit.

The Petitioner next asserts that the indictment upon which he was convicted is void because it was not signed by the district attorney. The State contends that this issue is waived because it was not raised before the trial court and, further, count two of the indictment was signed by the prosecutor. Even had the District Attorney General failed to sign the indictment, this would not render the Petitioner's judgment void. Certain defects in the indictment must be raised prior to trial and the failure to do so will result in waiver. Tenn. R. Crim. P. 12(f). Issues "[i]ncluded within this class are defects in the indictment that go to matters of form rather than substance." James L. Feenin v. Kevin Myers, Warden, No. M2002-01770-CCA-R3-CO, 2003 WL 1872646, at *1 (Tenn. Crim. App., at Nashville, Apr. 11, 2003), *perm. app. denied* (Tenn. Oct. 13, 2003); see also State v. Nixon, 977 S.W.2d 119, 121 (Tenn. Crim. App. 1997). These statutory requirements include the failure of the District Attorney General to sign the indictment. Nixon, 977 S.W.2d at 121. Further, "an objection to a defect of this nature must be made pre-trial, and not in a collateral, post-trial habeas corpus petition." Nelson B. Graves v. Howard Carlton, Warden, No. 03C01-9705-CR-00171, 1998 WL 133840 at *1 (Tenn. Crim. App., at Knoxville, June 7, 1999), *perm. app. denied* (Tenn. Nov. 2, 1998); see Tenn. R. Crim. P. 12(b)(2). The record before us does not show that the Petitioner made a timely motion to dismiss the indictment because it lacked the District Attorney General's signature. The Petitioner proceeded to trial without objection, and he, therefore, waived any defects in his indictment making the indictment valid. Therefore, we conclude that this issue is without merit.

Finally, the Petitioner contends that he is entitled to habeas corpus relief because the trial court issued an order for a bill of particulars, and the State failed to comply with this order. We conclude that this is not a proper issue to raise in a habeas corpus proceeding. A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the Petitioner, or that the sentence of imprisonment or other restraint has expired. Archer, 851 S.W.2d at 164; Potts, 833 S.W.2d at 62. The Petitioner is not entitled to relief on this issue.

### III. Conclusion

In accordance with the foregoing authorities and reasoning, we conclude that the Petitioner is not entitled to a writ of habeas corpus. Accordingly, we affirm the habeas corpus court's judgment.

_____

ROBERT W. WEDEMEYER, JUDGE